NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROSALIND AULETTA-SEGURA, ALBAN and NIKA CORBETT, MOHAMMED and RABIA SHAMSUDIN, ZENON SANCHEZ, CAROLA SANCEZ, JUAN C. and SANDRA C. SANCHEZ, LOVELYN and CECILIO TAN, MARINO TORRES, Plaintiffs, v. GREEN TREE SERVICING, LLC, JOHN DOE 1-10, Defendants. | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 11-cv-05538(DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendant Green Tree Servicing, LLC ("Defendant" or "Green Tree Servicing") to dismiss the Complaint of Plaintiffs Rosalind Auletta-SEgura, Alban and Nika Corbett, Mohammed and Rabia Shamsudin, Zenon Sanchez, Carola Sanchez, Juan C. and Sandra C. Sanchez, Lovelyn and Cecilio Tan, and Marino Torres (collectively "Plaintiffs"), pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendant's motion to dismiss is **granted**.[1]

---

[1] The Court notes that the instant motion is one of many before this Court in twenty-five related matters filed between September 22 and 23, 2011 following the dismissal of Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., No. 10-1336, 2011 WL 2652149 (D.N.J. June 30,

I.   **BACKGROUND**[2]

This case arises out of the alleged predatory lending practices perpetrated by Defendants during mortgage transactions entered into with Plaintiffs on their subject properties. Pls.' Compl. ¶ 2. Plaintiffs allege numerous Federal and State law claims, including but not limited to the Federal Truth in Lending Act and Regulation Z, the Federal Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, the Federal Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, the Fair Credit Report Act, State and Federal High Cost Loan Statutes, the New Jersey Consumer Fraud Act, the New Jersey Lenders' Liability Law, the New Jersey RICO statutes, breach of contract, fraud and misrepresentation, negligence, among others. Pls.' Compl. ¶ 2.

The Complaint in the instant matter was filed following the dismissal of the class action suit

---

2011). After reviewing the complaints in each of the related matters, it appears that all of the complaints are substantively the same in several material regards and appear to be variations on the same formulaic complaint. As a result, the complaints all suffer from the same deficiencies, namely a failure to plead a plausible claim to relief. Accordingly, the Court will simultaneously decide the twelve motions presently before it and dismiss the complaints in the following cases: Lelina v. 1 st 2nd Mortgage Co. of NJ, Inc. (11-5517); Abanto v. Bank of America, N.A. (11-5519); Estacio v. Deutsche Bank Nat'l Trust Co. (11-5522); Abucay v. GMAC Mortgage Corp. (11-5523); Salazar v. Nat'l City Bank (11-5528); Isip v. Nationstar Mortgage, LLC (11-5529); Coolack v. Select Portfolio Servicing, Inc. (11-5531); Magat v. US Bank Nat'l Assoc. (11-5534); Flores v. Wells Fargo, N.A. (11-5535); Cerciello v. First Franklin Loan Services (11-5536); Auletta-Segura v. Green Tree Servicing, LLC (11-5538); and Abucay v. HomeEq Servicing (11-5539). This Court also notes that three related cases have already been dismissed by this Court on the same grounds. See Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724 (D.N.J. Jan. 27, 2012)(JLL); Aquino v. Aurora Loan Services, LLC, No. 11-5518, 2012 WL 2514844 (D.N.J. June 28, 2012)(DMC); and Flores, et al. v. HSBC, et al, No. 11-5525, 2012 WL 2522987 (D.N.J. June 29, 2012)(DMC).

[2] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

in Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., No. 10-1336, 2011 WL 2652149 (D.N.J. June 30, 2011)(Civ.A.No. 10-1336, ECF No. 191).  The complaint in Almazan was dismissed without prejudice on the grounds that Plaintiffs failed to adequately put any Defendants on notice of any specific claims. (Civ.A.No. 10-1336, Opinion adopting Report and Recommendation June 2, 2011, at p. 7, ECF No. 185).  Specifically, the Court noted that Plaintiffs' Complaint "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it."Id. Plaintiffs were directed to re-file separate complaints against only those Defendants that were involved in their respective loans.  Further, Plaintiffs were admonished, under the principles of Younger Abstention, to consider the existence of any pending state foreclosure or federal bankruptcy proceedings in determining whether to file a federal law suit. Id. at 9.  Finally, the Court found Defendants' arguments regarding Plaintiffs' counsel's failure to comply with the Local Civil Rule 11.2, which directs a party to disclose whether the matter in controversy is the subject of any other action pending in any court, were well founded. Id.  The Court warned that "[a] second round of non-compliance with that Rule will result in sanctions upon the filing of the appropriate motions." Id.

  Defendant Green Tree Servicing, LLC  ("Green Tree Servicing") is a mortgage loan originator in the United States and is named in the Complaint as a parent company of its acquired lenders or subsidiaries residential mortgage-lending operations, as well as on the belief that Green Tree Servicing directed, participated in and/or influenced the setting and establishing of credit-relating policies and underwriting guidelines and practices used by each of the other Defendants. Pls.' Compl. ¶¶ 11-12.  Plaintiffs' Complaint provides John Doe 1-10 as the alleged subsidiaries or acquired lenders of Green Tree Servicing. Pls.' Compl. ¶ 13.  Plaintiffs allege that the Defendants collectively established policies for retail and wholesale access to their loan products and that each

Defendant directed, participated in and/or influenced the setting and establishing of credit-related policies, procedures, practices and underwriting guidelines used by each of the other Defendants. Pls.' Compl. ¶¶ 14-15.

The Complaint provides facts specific to each Plaintiffs' respective mortgage.[3]  Such allegations consist of a variation on the following combination of specific details and general conclusions regarding the loans acquired:

**Rosalind Auletta-Segura**[4]

81. Borrower(s) purchased the condo unit on 12/6/2005 for $270,000.They secured a 1st Mortgage thru MERS,Inc. and Atlantic Home Loans, Trenton, NJ.. The Borrowers executed the appropriate Notes & Mortgages to the noted Lenders. The Mortgagees declared the loan to be in default as of 5/1/2009.

82. First Mortgage: The loan was written as an fixed interest loan with a 30 year term in the amount of $216,000.The interest rate was 7.50. The loan package was characterized as "High Risk" due to the aggressive interest rate and the substantial subsequent LTV ratio. The monthly payment was $1,510.33.

83. 2nd mortgage: since the Borrower, in a written statement, indicated that she did not have a down-payment, an adjustable rate 2nd mortgage of $54,000 was granted by Atlantic Home Loans. The loan was a variable rate balloon which details were not provided to the Borrower. The purchase was therefore 100% financed since the loans totaled $270,000. A sellers concession contributed $5,000 additional towards closing.

---

[3]As noted in Gutierrez, the Complaint in this action, as well as in each related action, essentially constitutes a re-filing of the original complaint from Almazan. 2012 WL 272807, at *1. Judge Linares noted that the new complaints "siphoned off the individual lender Defendants named in the Original and Amended Complaints into separate actions" and refiled the complaint "slightly modified and tailored to each individual lender with a short section of around ten numbered paragraphs detailing the facts of the specific named Plaintiffs with whom each Defendant had made mortgage loans." Id.  As a result of this apparent re-filing, the counts alleged in each complaint are identical, down to their numeric order.  As noted by Judge Linares, the only apparent difference among the Complaints are the addition of facts particular to each named Plaintiff.

[4]The following excerpt is taken directly from Plaintiffs' Complaint to illustrate the nature of the specific allegations provided for each Plaintiff, to the extent they are included.

4

84. The HUD-1 closing statement was not provided as signed. The Client was not provided completed and signed FNMAE form 1003 Mortgage Applications, TIL Statement, Amortization schedules, or Verification Statements for Employment and either a pro forma or a Financial Statement. **The Federal Disclosure Statement was not provided. Relevant & vital documents were unsigned.**

85. The Lenders and/or Assignees include: Atlantic Home Loans, IndyMac Mortgage Services, One West Bank FSB, Provident Bank, and Green Tree Funding from Rapid City, SD. **Lender (s) regularly extended real-estate secured credit.**

86. The source of the original mortgage solicitation was provided as a phone inquiry from a sales rep: Mildred Estacio employed by Atlantic Home Loans, Inc. of Parsippany, NJ.

87. **The loans were completed with no apparent employment/income verifications. They were listed as "Stated Income" loans; these "honor system" representations are trip-switches for predatory lending.**

88. The titling history revealed that the Borrower purchased the condo unit on 12/03/2005 for $270,000. The True Value of the property as calculated by the Municipality of Jersey City, was @ $255,000+- in the time frame 2006-2009, indicating that the property was severely over-valued by the Lenders to this transaction. The Loan therefore was 105% +- of the Municipality True Value in the 4 year time line post-transaction. Appraisal Reports presumably relied upon by the Lenders were or should have been suspect in their support of inflated value. No PMI was noted but since the loan was characterized as "High Risk", the PMI protection was mandatory.

89. The large loan apparently disregarded the ability to repay since the review of the client's financial situation revealed insufficient reliable income and liquidity as well as extended liabilities so as to make the aforementioned loan in excess of the Borrower's ability to repay. The purchase was fully financed with an additional $5,000 seller concession. This extraordinary indebtedness would exert a stranglehold on the Borrower as the loans progressed but Borrower resources did not.

90. **Substantive Unconscionability: The UCCC considers entering into a transaction with the knowledge that the consumer could not receive a "substantial benefit" from it or if there was no reasonable probability of payment in full as demonstrable of "Substantive Unconscionability."**

91. The loan rates appeared to be of sub-prime nature since they clearly exceeded the rate borne by more "A" prime worthy customers. It was a classic "High Risk Loan" of "Balloon & Rate Resets! Signed documentation including TIL, with annual percentage rate, finance charge, amount financed and total of payments were not disclosed in a clear & conspicuous

manner as to reflect the legal obligations of the parties. Neither were these disclosures segregated from other information in a consumer-keepable format. None of those available documents were signed.

92. Absent proper customer notification cited above, and with no proper HOEPA notice, written in conspicuous type size forthcoming, the Lender (s) seem seriously deficient in disclosures.

93. The Lender's should have been more aware of the shifting economic winds and have insisted on greater applicant equity and subsequently followed a more conservative lending policy to offset that pending value decline.

94. The loan amount was excessive and fraught with potential abuse. Defendants made numerous material representations to Borrowers including loan affordability and the deleterious effects of variable rate interest calculation.

95. **Predatory Lending: The pattern of irregularities, unrealistic asset-based reliance, flagrant lack of disclosures, and under-emphasis on liquidity contributed to *predatory lending*. These deceptive practices, fraudulent acts and omissions seemed poised to disregard and misrepresent the best interests of the Borrowers. High LTV loans set a stage for unrealistic expectations of payment in the future. The property titling history was undisclosed and the Municipality Tax Records indicate that the property was oversold and therefore over-financed.** [5]

As demonstrated above, the only allegation specific to any named Defendant is that Green Tree Servicing was somehow involved in Plaintiffs' mortgage transaction. No details concerning the alleged participation are provided. The remaining Plaintiffs at most provide a variation of comparable facts and similarly do little more than allege some level of participation by Defendants and other lenders in their mortgage transactions. The Court will address each Plaintiff's specific allegations in turn.

Alban and Nika Corbett are alleged to have secured a first mortgage on July 6, 2006 from

---

[5]As will be discussed in greater detail below, these allegations closely mirror those highlighted as factually deficient in the dismissal of the Gutierrez action. There, Judge Linares found such allegations to "mimic the generality and legally conclusory statements made in the rest of Plaintiffs' Complaint." 2012 WL 272807, at *4.

National City Mortgage of Indiana. The mortgage was declared to be in default on April 1, 2009. In addition to National City Mortgage, Plaintiff also alleges that Green Tree Servicing, as well as the successors and assigns of the named entities were in some way involved with their mortgage transactions. Plaintiff does not provide any further facts regarding the specific participation of Green Tree Servicing in the referenced mortgage.

Mohammed and Rabia Shamsudin allegedly secured a mortgage from American Financial Resources on May 10, 2007. EMC allegedly became part of the lending transaction as well. The mortgage eventually regressed into default. Plaintiffs provide no facts with respect to Defendant Green Tree Servicing or its subsidiaries in connection with the Shamsudin mortgage.

Juan C. and Sandra C. Sanchez are alleged to have purchased a residence and secured a first and second mortgage on the property to Weichert Financial Services. According to Plaintiff, the closing documents on the first mortgage noted a "loan discount" in an amount of $5,640 to the broker. Plaintiff maintains that the mortgagor/borrower was never apprised clearly of this fee. The only facts alleged with respect to a named Defendant in connection with the Sanchez loan was that Green Tree Servicing was among the lenders and/or assignees involved in the lending transaction. Plaintiff does not further specify any conduct on the part of the Defendants.

Zenon Sanchez, Carola Sanchez, Lovelyn and Cecilio Tan, and Marino Torres are only alleged to "[h]ave a similar situation with the rest of Plaintiffs given here." No further facts are provided concerning their respective mortgage transactions.

For the following reasons, this Court finds that the aforementioned allegations in connection with the remaining general statements provided throughout the rest of the Complaint are insufficient to state a claim upon which relief can be granted. Defendants Motion to Dismiss is therefore

**granted.**

**II.** **MOTION TO DISMISS**

**A.** **LEGAL STANDARD**

1. Standard of Review for Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(6)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the Defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v.

Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

      2.    FED. R. CIV. P. 9(b)

Fraud-based claims are subject to FED. R. CIV. P. 9(b). Dewey v. Volkswagon, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)."). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A Plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the Defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004). To satisfy this standard, the Plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

**B.    DISCUSSION**

Plaintiffs' Complaint suffers from many of the same pleading deficiencies that were noted in the Almazan case, as well as the dismissals of several similar complaints to follow. Accordingly, this Complaint must also be dismissed. As previously noted, this Court explained that the complaint in Almazan "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it." Although Plaintiffs may have cured the "who" deficiencies by filing this separate complaint against those Defendants who were allegedly involved in their respective loans, Plaintiffs'

9

Complaint in this action remains deficient regarding the "what" and "when" of Defendants alleged conduct.[6] Such pleading deficiencies fail to properly place Defendants on notice of "any specific acts that it or [its subsidiaries] committed during the course of its mortgage transactions with Plaintiffs." Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724, at *11. (D.N.J. Jan. 27, 2012).

This Court has already found occasion to dismiss three similarly pled complaints filed in the wake of the Almazan dismissal. Of particular note is the case of Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724. (D.N.J. Jan. 27, 2012) in which the Honorable Jose L. Linares provided an in depth discussion regarding the sufficiency of Plaintiffs' complaint. There, on the basis of a similarly pled complaint to that in issue here, Judge Linares found that "as a general matter, the paragraphs in the complaint [did] not adequately put Defendant [ ] on notice of any specific claims linked to specific acts that it or the John Doe Defendants committed during the course of its mortgage transactions with the Plaintiffs." Gutierrez v. TD Bank, 2012 U.S. Dist. LEXIS 10724, at * 11. Rather, the Court found that the specific facts addressing the mortgage transactions between Defendant and Plaintiffs were "scarce," "while the Complaint extensively states and restates legally conclusory statements regarding Defendant's wrongful conduct as defined exclusively within the terms of the relevant statutes or case law authority." Id. at *17. By way of example, Judge Linares found that, given the allegations raised by the complaint, Plaintiffs failed to indicate:

> which exact disclosures required by law were not provided; the nature and extent of any credit reporting which occurred by Defendants in violation of federal law; what, if anything, was inaccurate about such reporting; the substance of any written notices to Plaintiffs which violated their rights under state law; which terms of any contract were breached by

---

[6]This Court notes here that several of Plaintiffs' pleadings do not even appear to remedy the "who" deficiency as they fail to implicate any of the Defendants named to this action.

>Defendants; the nature of the emotional distress suffered by Plaintiffs; what, if any, benefit Defendants may have obtained due to alleged inaccuracies represented to Plaintiffs as amounts owed for any loans; what representations, if any, Plaintiffs made to Defendants regarding their financial circumstances and their "ability to repay" justifying their allegations regarding Defendants predation, and so on.

Gutierrez, 2012 U.S. Dist. LEXIS 10724, at * 17-18. Finally, the Court took issue with the fact that Plaintiffs' opposition failed to cite to any paragraphs in the complaint "wherein facts relevant to their alleged claims are discernable." Id. at *18.

This Court followed suit from Gutierrez with the dismissal of the complaints in Aquino v. Aurora Loan Services, LLC, No. 11-5518, 2012 WL 2514844 (D.N.J. June 28, 2012) and Flores, et al. v. HSBC, et al, No. 11-5525, 2012 WL 2522987 (D.N.J. June 29, 2012). In Aquino and Flores, the Court found that the Plaintiffs were similarly deficient in their pleadings and therefore failed to state a claim upon which relief might be granted. Plaintiffs now present identical claims to those raised in Gutierrez, Flores, and Aquino, as well as nearly identical factual allegations, with the exception of the inclusion of the specific details of each Plaintiff's mortgage summarized above. Consequently, Plaintiffs' Complaint suffers from the same factual deficiencies highlighted in the preceding caselaw and must therefore be dismissed.[7]

---

[7] The Court also notes that claims common to both the Gutierrez and the instant action were dismissed in Gutierrez as not cognizable as a matter of law. 2012 U.S. Dist. LEXIS 10724, at *35. Such claims include (1) furnishing inaccurate information to credit agencies (Count 5); (2) failure to correct inaccurate reporting (Count 6); (3) failure to provide required notices and disclaimers (Count 7); (4) predatory and negligent lending (Counts 10 and 28); (5) New Jersey Licensed Lenders Act (Count 11); and (6) unfair business practices (count 16). The Court in Gutierrez found that the aforementioned counts should be dismissed on the grounds that they were redundant or failed to cite to any law or statute supporting a claim independent of the claims already raised. The Court therefore dismissed the aforementioned claims without prejudice "to Plaintiffs' amendment of any claims asserted therein which do not duplicate other claims already stated in Plaintiff's complaint." Id. at *40. This Court echoes the conclusions drawn in Gutierrez in further support of the dismissal of the aforementioned claims.

The Third Circuit has held that "[a]lthough a Plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" Guirguis v. Movers Specialty Servs., 346 Fed. App'x. 774, 777 (3d Cir. 2009), citing Iqbal, 129 S.Ct. at 1950. Here, Plaintiffs' Complaint is almost entirely a recitation of legal conclusions closely mirroring the language of the statutes Defendants are claimed to have violated. Indeed, the Complaint does more to inform this Court of the state of the law than it does to inform the Court of the facts upon which Plaintiffs' claims are based. Such pleading leaves this Court unable to discern the appropriate causes of action for which Defendants might plausibly be held accountable. Moreover, the Court is left with the impression that either Plaintiffs are unable to identify the true nature of the causes of action they allege, or that Plaintiffs allege that Defendants have violated each statute in virtually every way conceivable. Plaintiffs must provide some grounds upon which this Court may assess the sufficiency of each of the claims asserted, yet they have failed do more than vaguely allege that Defendant was a participant in some of the Plaintiffs' mortgage transactions.

Accordingly, this Court finds that the entirety of Plaintiffs' Complaint fails to plead with the requisite particularity to satisfy even the liberal pleading standards of Rule 8(a), let alone the heightened pleading standard for Plaintiffs' fraud-based allegations under Rule 9(b).[8] Plaintiffs'

---

[8]With respect to the Gutierrez Plaintiff's fraud-based claims, Judge Linares addressed the argument, similarly raised here, that the requirements of Rule 9(b) should be relaxed for circumstances where factual information is exclusively within the opposing party's knowledge or control. The Court found the rule cited by Plaintiffs to be inapplicable under the circumstances, and this Court agrees. As noted by Judge Linares,

> Plaintiffs need only state with particularity the who, what, when and where of the false misrepresentations or omissions made by Defendants based on their familiarity with said misrepresentations as experienced by them in the mortgage transactions . . .

Complaint must therefore be dismissed.[9]

### III.   CONCLUSION

Accordingly, as this Court finds that Plaintiffs have failed to state a claim upon which relief can be granted, Defendant's motion to dismiss is **granted without prejudice**.

    S/ Dennis M. Cavanaugh
    DENNIS M. CAVANAUGH, U.S.D.J.

Date:   July 30, 2012
cc:     All Counsel of Record
        Hon. J. A. Dickson, U.S.M.J.
        File

---

Id. at 25-26 (emphasis added).  There, as here, "those facts are both within the Plaintiffs' control and need not be enumerated in every detail or with respect to each and every instance to meet the heightened pleading standard for fraud-based claims."  Id.  Just as the Gutierrez Plaintiff was not relieved of its obligation to plead claims of fraud with specificity under Rule 9(b), Plaintiffs here will not be so relieved.

[9] As this Court finds that the motion to dismiss should be granted for the reasons herein expressed, the Court declines to address the statute of limitations argument raised by Defendant and addressed by Judge Linares in the Gutierrez opinion. Similarly, this Court declines to address the arguments raised by Defendants concerning abstention.